IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3288-F

| | |
|---|---|
| ERIK HUGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RALEIGH POLICE DEPARTMENT, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

On November 20, 2014, Plaintiff, a federal inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94

(2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiff contends that Defendants were deliberately indifferent to his serious medical needs. Specifically, on November 25, 2011, prior to his federal incarceration, Plaintiff was "taken into custody by [members of the Raleigh Police Department] pursuant to a mental/involuntary commitment order." Compl. [DE-1], p. 3. In addition to the mental commitment order, Plaintiff was also a suspect in a robbery. Id. at p. 5. Plaintiff was unconscious when police officials arrived to take him into custody. Id. at p. 5. When Plaintiff regained consciousness, he requested assistance for "the medical [and] psychological needs that were listed on the mental health petition." Id. at p. 7. After he was taken into custody, Plaintiff was interviewed with regard to the robbery. Id. at p. 8. During this interview, Plaintiff reiterated his need for medical attention. Id. At the conclusion of the interview, Plaintiff was taken by Defendant Smith to the Wake Crisis and Assessment Center. Id. The center declined to admit Plaintiff. Id. Thereafter, Plaintiff was transported to the emergency department at WakeMed Hospital, and he received medical treatment there. Id. at p. 9. Several hours later, Plaintiff was discharged from the hospital and taken into custody at the Wake County Jail. Id.

Plaintiff's allegations fail to state a viable claim. To state a section 1983 claim for inadequate

2

medical care, a pretrial detainee[1] must show deliberate indifference to his or her serious medical needs in violation of his Fourteenth Amendment due process rights. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992). In order to prove such a claim, Plaintiff "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle, 429 U.S. at 104). Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, 429 U.S. at 105. A prisoner is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105-06. As noted above, Plaintiff received medical attention shortly after he was taken into custody. A detainee is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the detainee. Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). For these reasons, Plaintiff claims are DISMISSED.

---

[1] Because the incidents of Plaintiff's arrest were complete when he requested medical care, Plaintiff was a pretrial detainee, and his claims are governed by governed by the Due Process Clause of the Fourteenth Amendment. Young v. Prince George's Cnty., Md., 355 F.3d 751, 758 (4th Cir. 2004); Robles v. Prince George's Cnty., 302 F.3d 262, 268 (4th Cir. 2002).

3

## Conclusion

For the aforementioned reasons, Plaintiff's complaint is DISMISSED as frivolous and his pending motion [DE-6] is DENIED AS MOOT. The Clerk of Court is directed to close this case.

SO ORDERED. This the 24th day of April, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

4

Case 5:14-ct-03288-F   Document 8   Filed 04/24/15   Page 4 of 4